IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| JASON MARVIN SAUNDERS, | ) | |
|---|---|---|
| | ) | Criminal No. 2:15cr2 |
| Petitioner | ) | Civil No. 2:17cv610 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## *MEMORANDUM ORDER*

Before the Court is the Government's Motion to Compel Disclosure of Information from Former Counsel who represented Petitioner Jason Marvin Saunders in district and appellate court. Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence Previously Imposed, which raises claims of ineffective assistance against his former counsel. In its Motion to Compel, the Government informs the Court that it has sought information from Petitioner's former counsel that would enable it to respond to these claims, but that counsel have indicated that they believe a court order is necessary pursuant to Virginia Rules of Professional Conduct 1.6(b)(2) and the Virginia State Bar's Virginia Legal Ethics Opinion (L.E.O. 1859).

The Court finds that the applicable ethical rules do not require a court order before former counsel may disclose the requisite information. First, it is clear that Petitioner has waived his attorney-client privilege with respect to his ineffective assistance of counsel claims. *United States v. Pinson*, 584 F.3d 972. 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly

waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Freedman v. United States*, No. 7:10-CR-15, 2013WL4014974 (E.D.N.C. Aug. 6, 2013) ("[W]here such communications are necessary to prove or disprove petitioner's claims, he has waived attorney-client privilege with respect to those claims for the purposes of these *habeas* proceedings."). *See also* Va. Code § 8.01- 654(B)(6) ("If [a habeas corpus] petitioner alleges as a ground for illegality of his detention the inadequacy of counsel, he shall be deemed to waive his privilege with respect to communications between such counsel and himself to the extent necessary to permit a full and fair hearing for the alleged ground.").

Second, as to the attorney's duty of confidentiality (which may be broader than the attorney-client privilege, *see* Va. R. Prof. Conduct 1.6 Comment [3]), the applicable Rule of Professional Conduct explicitly provides that "[t]o the extent a lawyer reasonably believes necessary, the lawyer may reveal ... such information to respond to allegations in any proceeding concerning the lawyer's representation of the client." Va. R. Prof. Conduct 1.6(b)(2). L.E.O. 1859, upon which former counsel apparently relies, sets forth a requirement of "judicial supervision in a formal proceeding" that is broader than Rule 1.6(b)(2), and the Court accordingly declines to adopt or enforce this explicitly advisory opinion.

Although an order is therefore not required by the ethical rules to allow former counsel to disclose the necessary information, the rule just cited only governs what an attorney *may* do, not what he or she is required to do. In this case, defense counsel has declined to provide information without an order from this Court. Accordingly, the Government's Motion is **GRANTED** and the Court **ORDERS** Petitioner's former counsel, Rodolfo Cejas, II, Suzanne V. Katchmar and Patrick L. Bryant, to provide the Government with whatever information is "reasonably believe[d] necessary" to respond to the allegations in Petitioner's petition within 30 days of the date of entry

2

of this Order. The Court declines to provide more detailed guidelines at this juncture, but if further guidance is required, the parties may file additional motions.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the Petitioner, to the United States Attorney's Office for the Eastern District of Virginia, and to Petitioner's former counsel, Rodolfo Cejas, II, Suzanne V. Katchmar and Patrick L. Bryant.

**IT IS SO ORDERED**.

Norfolk, Virginia
March 22, 2018

/s/
Raymond A. Jackson
**United States District Judge**