IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| **JASON MARVIN SAUNDERS,** | ) | |
| | ) | **Criminal No.  2:15cr2** |
| Petitioner | ) | Civil No.  2:17cv610 |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONSE OF THE UNITED STATES TO PETITIONER'S
MOTION FOR RECONSIDERATION**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Andrew Bosse, Assistant United States Attorney, hereby responds to the Petitioner's (Jason Marvin Saunders') motion for reconsideration (Docket No. 158) of the Court's denial of his post-conviction motion made pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct sentence (Docket No. 138). The government respectfully submits that petitioner's motion should be denied. In support thereof, the government states as follows:

1. Petitioner filed his § 2255 motion on November 24, 2017. Docket No. 138.

2. On April 23, 2018, the government filed through CM/ECF its response in opposition. The filing included a memorandum of law and three exhibits comprising affidavits by petitioner's trial counsel (Rodolfo Cejas, Esq., and Suzanne Katchmar, Esq.) and appellate counsel (Patrick Bryant, Esq.). Docket No. 144.

3. The same day, as per the undersigned's practice, the undersigned sent, at 3:00 p.m., an email asking a U.S. Attorney's Office paralegal to mail a copy of the responsive

papers to Mr. Saunders.  The undersigned has spoken to the paralegal who received that email. She states that while she has no specific recollection of making this particular mailing more than six months ago, it is her standard practice to mail such documents to incarcerated filers in postconviction cases like this one, and that, especially given the specific emailed request, she believes she would have done so in this case.

4. The undersigned did not receive any returned mail or other notification indicating that the responsive papers did not reach petitioner.

5. Petitioner did not file a reply brief, and on June 22, 2018, the Court denied the § 2255 motion.  Docket No. 150.

6. Approximately five weeks later, on July 30, 2018, petitioner filed a motion for reconsideration styled as an "Affidavit of Facts," which alleged that he never received a copy of the government's response to his motion.  Docket No. 151.  That document was deficient because it was not signed.  *See* Docket No. 152.  On August 1, 2018, the Court directed petitioner to resubmit the motion with its deficiency corrected within thirty days.  *Id.*

7. On August 20, 2018, petitioner resubmitted the "Affidavit of Facts" with a signature, and the Court denied the motion the next day.  Dockets Nos. 153-154.

8. On September 4, 2018, petitioner sent a letter to the clerk's office requesting a copy of the government's responsive brief, Docket No. 155, and then on October 30, 2018, he filed the instant motion for reconsideration, again alleging he never received the government's responsive brief, Docket No. 158.

9. While the government cannot say with absolute certainty that petitioner received its responsive brief—as it is possible the material was, for example, lost in the mail, or otherwise did not reach petitioner at USP Big Sandy—the government notes that petitioner previously has made multiple fabrications under penalty of perjury.  *See, e.g.*, Docket No. 138 at p.5 (stating

2

that the federal prosecutors and petitioner's counsel "knowingly conspired and presented fraudulent documents and fraudulent statement[] to the Court to violate [petitioner's] speedy trial act right").

10. The government further submits that even if petitioner were allowed to file a brief in reply, the ultimate outcome would be the same. For the reasons stated in the government's response brief, the affidavits submitted by petitioner's former counsel, and this Court's June 22 written opinion, Docket No. 150, petitioner has no meritorious grounds for post-conviction relief; he received a fair trial with the benefit of able and experienced defense counsel, and his appeal was drafted by a highly experienced appellate practitioner. The allegations relevant to his ineffective assistance claims were set out in his initial § 2255 pleading, and each was shown to be meritless. It is difficult to imagine what reply petitioner could make to the government's response brief and his counsels' affidavits that would not involve additional perjurious misstatements to the Court.

11. For the reasons listed above, the government submits that petitioner's latest motion for reconsideration should be denied.

                Respectfully submitted,

                G. Zachary Terwilliger
                Acting United States Attorney

By:          /s/
                Andrew Bosse
                Assistant United States Attorney
                Attorney for the United States
                United States Attorney's Office
                101 West Main Street, Suite 8000
                Norfolk, Virginia 23510
                Office Number - 757-441-6331
                Facsimile Number - 757-441-6689
                E-Mail Address - andrew.bosse@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and mailed a true and correct copy of the foregoing to the following non-filing user:

> Jason Marvin Saunders
> Inmate No. 85152-083
> USP Big Sandy
> U.S. PENITENTIARY
> P.O. BOX 2068
> INEZ, KY 41224

/s/
Andrew Bosse
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - andrew.bosse@usdoj.gov